UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRYANT RASHAD RIOS, )
)
    *Petitioner,* )
) Cause No. 3:16-cv-398
vs. ) (Arising out of 3:13-cr-74)
)
UNITED STATES OF AMERICA, )
)
    *Respondent.* )

OPINION AND ORDER

Petitioner Bryant Rashad Rios pleaded guilty to possessing a firearm as a convicted felon, 18 U.S.C. § 922(g), and was sentenced on the basis of having previously committed a felony crime of violence, U.S.S.G. § 2K2.1(a)(4). This matter is before the court on Mr. Rios's motion to correct his sentence under 28 U.S.C. § 2255. For the reasons that follow, the court denies Mr. Rios's motion.

I. BACKGROUND

Mr. Rios admitted to possessing a HiPoint, model JCP40, .40 caliber pistol and firing it in South Bend, Indiana. He dumped the gun in a trash can while it was still loaded with a round in the chamber. Police later uncovered the magazine loaded with several rounds of ammunition. Mr. Rios pleaded guilty to possessing a firearm as a convicted felon. 18 U.S.C. § 922(g). He has a prior felony conviction for criminal recklessness. Ind. Code § 35-42-2-2 ("A person who

recklessly, knowingly, or intentionally performs an act that creates a substantial risk of bodily injury to another person commits criminal recklessness.").

The possession charge carries a maximum prison sentence of ten years. § 922(g). When the court found that his prior felony conviction was a "crime of violence" as defined in § 4B1.2(a) of the Federal Sentencing Guidelines, Mr. Rios was moved from a base offense level of 14 to 20. U.S.S.G. § 2K2.1(a)(4), (6). Mr. Rios didn't object to the classification of criminal recklessness as a "crime of violence." The government recommended a three-level reduction for acceptance of responsibility. U.S.S.G. § 3E1.1. The recommended sentence range without the enhancement was 37 to 46 months and, with the enhancement, 70 to 87 months. This court sentenced Mr. Rios to 78 months in prison followed by two years of supervised release.

As part of his plea agreement, Mr. Rios agreed to the following waiver:

> I understand that the offense to which I am pleading guilty falls under the Sentencing Guidelines promulgated by the United States Sentencing Commission under Title 28, United States Code, Section 994. I am aware that my sentence will be determined in accordance with the statutory maximums listed above, the United States Sentencing Guidelines, and this plea agreement. I agree that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this plea agreement. With that understanding, I expressly waive my right to appeal my conviction, my sentence and restitution order to any Court on any ground, including any claim of ineffective assistance of counsel. I also agree not to contest my conviction, my sentence, any restitution order imposed, or the manner in which my conviction, the sentence or the restitution order was determined or imposed on any ground, including any alleged ineffective assistance of counsel in any appeal under Title 18, United States Code, Section 3742 or in any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255;

Pet. to Enter a Guilty Plea, ¶ 9(d) [12].

On June 26, 2015, the Supreme Court decided Johnson v. United States, 135 S. Ct. 2551 (2015). Johnson concerned the Armed Career Criminal Act, which imposes a fifteen-year mandatory minimum sentence for a defendant who committed three prior "violent felonies." The statute defines "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year . . . that –
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another [known as the "elements clause"]; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives [known as the "enumerated offenses clause"], *or otherwise involves conduct that presents a serious potential risk of physical injury to another* [known as the "residual clause"];

18 U.S.C. § 924(e)(2)(B) (emphasis added). Johnson held that the residual clause is unconstitutionally vague under the Due Process Clause, U.S. CONST. amend. V. Johnson announced a substantive rule retroactively applicable to cases on collateral review. Welch v. United States, 136 S. Ct. 1257, 1265 (2016).

The definition of "crime of violence" in § 4B1.2(a) of the Guidelines is identical to the definition of "violent felony" in the ACCA. Mr. Rios argues that criminal recklessness doesn't fall within the first two clauses of Guidelines § 4B1.2(a), and so the only remaining route for it to be a "crime of violence" is through the residual clause.

Mr. Rios argues that the residual clause of § 4B1.2(a), like that of the ACCA, is unconstitutionally vague under Johnson. While Mr. Rios awaited this opinion, the court of appeals held that the residual clause of § 4B1.2 violates the Due Process Clause because it's "so vague that it fails to give ordinary people fair

3

notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." United States v. Hurlburt, No. 15-1686, 2016 WL 4506717, at *3 (7th Cir. Aug. 29, 2016) (quoting Johnson, 135 S. Ct. at 2556). Mr. Rios wants the court to retroactively apply Johnson to the Guidelines provision used to enhance his sentence so that once the residual clause defining "crime of violence" in the Guidelines is thrown out, Mr. Rios' criminal recklessness conviction won't qualify as a "crime of violence" and so he must be resentenced. Mr. Rios filed a petition under 28 U.S.C. § 2255 within one year of the Johnson opinion.

## II. STANDARD OF REVIEW

A person convicted of a federal crime can challenge his sentence on grounds that the sentence violates the Constitution or laws of the United States, the court had no jurisdiction to impose such sentence, the sentence exceeded the maximum authorized by law, or the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Mr. Rios properly filed his motion to correct his sentence within one year of when "the right asserted was initially recognized by the Supreme Court" in United States v. Johnson, 135 S. Ct. 2551 (2015) and "made retroactively applicable to cases on collateral review" in Welch v. United States, 136 S. Ct. 1257 (2016). § 2255(f)(3).

Generally, issues not argued and decided on direct appeal can't be raised in a § 2255 petition unless the petitioner can show good cause and actual prejudice for the procedural default. Galbraith v. United States, 313 F.3d 1001, 1006 (7th Cir. 2002). A claim of ineffective assistance of counsel not raised on

4

direct appeal can still be raised in a § 2255 petition. Massaro v. United States, 538 U.S. 500, 504 (2003).

An evidentiary hearing isn't required if "the motion and files and records of the case conclusively show that the petitioner is entitled to no relief." 28 U.S.C. § 2255. After reviewing Mr. Rios's petition and the record of this case, the court concludes that the factual and legal issues raised can be resolved on the record, so no hearing is necessary. *See* Menzer v. United States, 200 F.3d 1000, 1006 (7th Cir. 2000) (hearing not required where the record conclusively demonstrates that a petitioner is entitled to no relief on § 2255 motion).

III. Discussion

The court can't reach the merits of Mr. Rios's petition because the appeal waiver prevents him from raising them.

"We will enforce an appeal waiver in a plea agreement if the terms of the waiver are clear and unambiguous and the defendant knowingly and voluntarily entered into the agreement." United States v. Worden, 646 F.3d 499, 502 (7th Cir. 2011). "To bar collateral review, the plea agreement must clearly state that the defendant waives his right to collaterally attack his conviction or sentence in addition to waiving his right to a direct appeal." Keller v. United States, 657 F.3d 675, 681 (7th Cir. 2011) (italics omitted). "[A] defendant's freedom to waive his appellate rights includes the ability to waive his right to make constitutionally-based appellate arguments" and "preclude appellate review even of errors that are plain in retrospect." United States v. Smith, 759 F.3d 702, 707 (7th Cir. 2014).

5

Mr. Rios doesn't claim to have waived his right to collateral review unknowingly or involuntarily. The waiver unambiguously says that by pleading guilty, Mr. Rios waives his right to attack his sentence "on any ground, including . . . in any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255." The waiver was knowing and voluntary and the current claim falls within its scope, so the waiver "must be enforced." Nunez v. United States, 546 F.3d 450, 453 (7th Cir. 2008).

There are limited exceptions to this rule. A court will disregard the waiver if "the district court relied on a constitutionally impermissible factor (such as race), the sentence exceeded the statutory maximum, [ ] the defendant claims ineffective assistance of counsel in connection with the negotiation of the plea agreement," Keller v. United States, 657 F.3d 675, 681 (7th Cir. 2011), or "deprivation of some minimum of civilized procedure (such as if the parties stipulated to trial by twelve orangutans)," United States v. Adkins, 743 F.3d 176, 192-193 (7th Cir. 2014).

Mr. Rios argues that the court relied on a constitutionally impermissible factor in sentencing: the consideration of his prior felony as a "crime of violence." In the same way a judge can't look to the race of the defendant as a factor in sentencing, under Johnson a judge can't look to whether the defendant committed a "crime of violence" based on the residual clause. The former violates the defendant's right to equal protection and the latter violates due process.

The problem with this argument is that the "constitutionally impermissible factor" exception would only come into play if it was unconstitutional for the

6

court to consider Mr. Rios's prior conviction for criminal recklessness at all. The fact of the prior conviction is a perfectly permissible consideration, even if Mr. Rios is correct that its label as a "crime of violence" is unconstitutional. The fact of the defendant's race, by contrast, is never a permissible consideration.

Building the manner in which the court characterizes a fact that is perfectly constitutional for consideration into the "constitutionally impermissible factor" exception would undercut most § 2255 waivers. *See* United States v. Behrman, 235 F.3d 1049, 1051 (7th Cir. 2000) ("Because almost every argument in a criminal case may be restated in generic constitutional form . . . , a 'constitutional-argument exception' would vitiate most waivers of appeal and all waivers of collateral attack."); United States v. Bownes, 405 F.3d 634 (7th Cir. 2005) (holding that appeal waiver prevented constitutional argument for resentencing when initial sentencing occurred prior to United States v. Booker, 543 U.S. 220 (2005)). Mistake in designating a defendant as convicted of a "crime of violence" isn't sufficient ground to ignore a knowing and voluntary waiver.

The other exceptions don't apply. The sentence was within the statutory maximum. Mr. Rios was represented at the time he pleaded guilty and doesn't challenge his attorney's performance. Nothing suggests that Mr. Rios signed onto an uncivilized procedure. This is enough to close the door on collateral review.

Mr. Rios also argues that his claims fit into another exception rendering appeal waivers unenforceable: if enforcement works a "miscarriage of justice." *See, e.g.*, United States v. Grimes, 739 F.3d 125, 128-129 (3d Cir. 2014). Our court of appeals limits waiver exceptions to those just described, *see* United

7

States v. Smith, 759 F.3d 702, 706 (7th Cir. 2014) (holding that the prior exceptions are "the only sorts of grounds which we have indicated may be sufficient to overcome a broad appellate waiver such as the one knowingly and voluntarily agreed to"), and rejected attempts to circumvent waivers on grounds that developments in the law render a portion of the sentencing court's rationale unconstitutional, *see* Bownes, 405 F.3d at 636 ("By binding oneself one assumes the risk of future changes in circumstances in light of which one's bargain may prove to have been a bad one."); United States v. McGraw, 571 F.3d 624, 631 (7th Cir. 2009) ("By entering into an appeal waiver that did not include an escape hatch of the kind we contemplated in *Bownes*, McGraw relinquished his right to challenge his sentence based on intervening Supreme Court decisions.").

Mr. Rios cites to United States v. Valle-Villa, 485 F. App'x 142 (7th Cir. 2012), an unpublished order, for the proposition that the court of appeals is willing to apply a "miscarriage of justice" exception because the order cites to United States v. Hahn, 359 F.3d 1315, 1327 (10th Cir. 2004) for the Tenth Circuit's "miscarriage of justice" exception. The "miscarriage" exception as defined in Hahn includes similar exceptions to those described previously: reliance on an impermissible factor such as race, ineffective assistance of counsel in connection with negotiation of the waiver, where the sentence exceeds the statutory maximum, and "where the waiver is otherwise unlawful." Hahn, 359 F.3d at 1327. For the last exception, Hahn explains that "the error [must] seriously affect[ ] the fairness, integrity or public reputation of judicial proceedings." *Id.* Citation to Hahn in no way implies that our court of appeals

8

has adopted a broader "miscarriage" exception that goes beyond the narrow exceptions already described. Similarly, the court of appeals only cited to United States v. Teeter, 257 F.3d 14, 25 n.9 (1st Cir. 2001) for the narrow proposition that a waiver can be set aside when it's the product of "ineffective assistance of counsel." Hurlow v. United States, 726 F.3d 958, 967 (7th Cir. 2013).

Last, Mr. Rios argues that there was no "meeting of the minds" in the negotiation of the waiver because neither party could have anticipated that the Supreme Court would strike down the residual clause in Johnson. Bownes rejects this argument: "By binding oneself one assumes the risk of future changes in circumstances in light of which one's bargain may prove to have been a bad one." Bownes, 405 F.3d at 636. Acceptance of a contract isn't undone simply because a party didn't anticipate how it might result in a loss.

The court is sympathetic to Mr. Rios's position. There is harm to an unlawful sentencing guideline. *See* Narvaez v. United States, 674 F.3d 621 (7th Cir. 2011) ("The imposition [of an unlawful career offender status under the Guidelines] created a legal presumption that [the defendant] was to be treated differently from other offenders because he belonged in a special category reserved for the violent and incorrigible."); United States v. Hurlburt, No. 14-3611, 2016 WL 4506717, at *6 (7th Cir. Aug. 29, 2016) (explaining how these guidelines "anchor" a judge's sentencing evaluation). Other courts might allow an implicit escape hatch from the waiver where the crime the defendant was convicted of or the sentencing guideline is unlawful. *See* United States v. Teeter, 257 F.3d 14, 25-26 (1st Cir. 2001) (holding that waivers are presumptively valid

9

but subject to exception where broader "miscarriage of justice" occurs); United States v. Grimes, 739 F.3d 125, 130 (3d Cir. 2014) (same). Others wouldn't allow Mr. Robertson's attack even with a "miscarriage of justice" exception. *See* United States v. Johnson, 410 F.3d 137, 151-153 (4th Cir. 2005) (recognizing miscarriage exception but finding no exception where law changes in defendant's favor); United States v. Andis, 333 F.3d 886, 892 (8th Cir. 2003) (holding that any sentence within statutory limit isn't miscarriage and citing Bownes); United States v. Hahn, 359 F.3d 1315, 1327 (10th Cir. 2004). In any event, an implicit escape hatch isn't the law that governs Mr. Rios's case today. United States v. McGraw, 571 F.3d 624, 631 (7th Cir. 2009); United States v. Bownes, 405 F.3d 634, 636 (7th Cir. 2005).

The government and Mr. Rios adopted the waiver knowingly and voluntarily as understood by our precedent. No exceptions apply. Mr. Rios is bound by the waiver and this court won't reach the merits of his argument.

IV. Conclusion

Based on the foregoing, the court DENIES Mr. Rios' § 2255 motion to vacate and correct his sentence [Doc. No. 41].

SO ORDERED.

ENTERED:  October 6, 2016

/s/ Robert L. Miller, Jr.
Judge
United States District Court

10