UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| BRYANT RASHAD RIOS, | ) | |
|---|---|---|
| | ) | |
| *Petitioner,* | ) | |
| | ) | Cause No. 3:16-cv-398 |
| vs. | ) | (Arising out of 3:13-cr-74) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Respondent.* | ) | |

OPINION AND ORDER

Bryant Rios pleaded guilty to possessing a firearm as a convicted felon, 18 U.S.C. § 922(g). At sentencing, the court increased Mr. Rios's base offense level because he had a prior felony conviction for a "crime of violence," U.S.S.G. §§ 2K2.1(a)(4), 4B1.2, in this case criminal recklessness, Ind. Code § 35-42-2-2 ("A person who recklessly, knowingly, or intentionally performs an act that creates a substantial risk of bodily injury to another person commits criminal recklessness."). Mr. Rios challenged the sentence in a motion to vacate under 28 U.S.C. § 2255 based on the Supreme Court's holding in Johnson v. United States, 135 S. Ct. 2551 (2015) that parallel language in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B), is unconstitutionally vague. The court held that the appeal waiver in Mr. Rios's plea agreement barred his motion. Mr. Rios now requests a certificate of appealability under 28 U.S.C. § 2253(c)(2).

Issuance of a certificate of appealability requires the court to find that Mr. Rios has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He has done so.

Mr. Rios's collateral attack failed Seventh Circuit precedent. He didn't show that the appeal waiver was uninformed or involuntary, that a collateral attack was outside of its scope, that sentencing relied on a constitutionally impermissible factor, that his sentence exceeded the statutory maximum, or that his counsel provided ineffective assistance in negotiating the plea agreement. *See* Keller v. United States, 657 F.3d 675, 681 (7th Cir. 2011) (listing exceptions to an otherwise-valid appeal waiver).

Reasonable jurists might disagree. Even though United States v. Bownes, 405 F.3d 634 (7th Cir. 2005) enforced the appeal waiver of a defendant given a within-guideline sentence before United States v. Booker, 543 U.S. 220 (2005), Bownes doesn't address whether a waiver is enforced if the guidelines that anchor the sentence are themselves invalid.[1] Outside developments in the law might encourage the appeals court to revise its interpretation of whether a defendant can ever waive rights unknown at the time of the waiver. *See* United States v. McBride, 826 F.3d 293, 294-295 (6th Cir. 2016) (holding that defendant agreeing to career offender designation didn't waive a Johnson-based challenge to the designation because "a defendant can abandon only *known rights*," so he

---

[1] The court does disagree with Mr. Rios's interpretation that Bownes allows for flexible exceptions for later-determined due process violations because, as Mr. Rios says, the listed exceptions are "all firmly rooted in the due process clause." Bownes explains that broad waivers "are effective even if the law changes in favor of the defendant after sentencing," Bownes, 405 F.3d at 636; *see* Keller, 657 F.3d at 681 (explaining that waivers are upheld unless one of the "limited exceptions" applies), and isn't based on the theory that appeal waivers can be circumvented for due process violations but not for other kinds of constitutional violations. The kind of exception that Bownes rejected was for a sentence imposed under the regime of binding sentencing guidelines that the Supreme Court rejected in Booker. The Court rejected this approach not just because it violated the Sixth Amendment but because due process requires "proof beyond a reasonable doubt of every fact necessary to constitute the crime with which [the defendant] is charged." Booker, 543 U.S. at 230 (quoting In re Winship, 397 U.S. 358, 364 (1970)).

2

"could not have intentionally relinquished a claim based on Johnson, which was decided after his sentencing").

Based on the foregoing, the court GRANTS Mr. Rios' motion for a certificate of appealability [Doc. No. 52] and issues a certificate of appealability with respect to the issue of whether a waiver of collateral attack in the plea agreement bars a challenge under Johnson v. United States, 135 S. Ct. 2551 (2015).

SO ORDERED.

ENTERED:  October 28, 2016

/s/ Robert L. Miller, Jr.
Judge
United States District Court